## Grugan v. Johns-Manville Corp. (No. 2)

*Gene Locks,* for plaintiffs.

*Francis Marshall, John P. Kelley, G. Wayne Renneisen, Albert L. Bricklin, Edward Greer, Thomas O. Malcolm, Joseph H. Foster, A. Grant Sprecher, Joseph R. Thompson, Dan McWilliams, Earl T. Britt, and Peter P. Liebert, III,* for defendants.

TAKIFF, J., January 3, 1978—Before the court are plaintiffs' preliminary objections to defendants' preliminary objections to plaintiffs' amended complaint.

Plaintiffs filed the original complaint on January 14, 1977, in the form of a multiple-party action by 27 named plaintiffs and their spouses against some 42 alleged manufacturers, distributors and/or installers of asbestos products. At that time,

certain of defendants who have now filed objections to the amended complaint filed no preliminary objections to the original complaint while others among the present objectors filed preliminary objections raising specific issues including, inter alia, misjoinder of parties plaintiff, improper verification of the complaint and failure to state each plaintiff's special damages in separate counts.

By order dated May 10, 1977, we sustained defendants' preliminary objections. At the same time, plaintiffs were granted leave to file separate amended complaints and were also granted leave to conduct further pre-pleading discovery. Our order of July 1, 1977, subsequently provided for the filing of all amended complaints, including those as to which pre-pleading discovery had been granted, on or before September 15, 1977.

On July 26, 1977, by order entered on that date, we granted the motions of some 27 plaintiffs seeking discontinuance as to 21 named defendants. Finally, on September 14, 1977, those previously multiple plaintiffs (sometimes referred to as "Grugan" case plaintiffs taking that identification from the lead case) filed their individual amended complaints against the remaining 21 defendants. Those defendants have now filed various preliminary objections to the amended complaints in the nature of, inter alia, a motion to strike for failure to allege fraud and conspiracy with particularity, a motion for a more specific pleading for failure to aver the date of discovery of each plaintiff's illness, and a motion to strike the fraud allegations characterized by such words as "callous," "malicious," and "wanton" as scandalous and impertinent.

Plaintiffs now object to these preliminary objections on the basis that they are barred by Pa. R.C.P. 1028(b), which specifically provides that all preliminary objections shall be raised at one time. They argue that those preliminary objections which could have been — but were not — raised as to the original complaint cannot now be raised as to the amended complaint. We agree.

Inherent in the central purpose of Rules 1017(b) and 1028 requiring a party to raise all preliminary objections at one time is a prophylactic bar against a multiplicity and proliferation of preliminary pleadings: Mazur v. Damilowicz, 84 D.&C. 78, 79 (Northumberland Co. 1952); Brink v. James Arthur Ashe Post, VFW, 75 D.&C. 496 (1949).

"The concept of a single dilatory stage for the defendant is strictly adhered to." 2 Goodrich Amram 2d 38, 39, §1017(b):4. An essential principle of the preliminary objection practice in this Commonwealth is the mandatory joinder of independent objections. The rules impose upon a defendant the obligation of presenting all his objections in the delineated categories on penalty of waiving them.

"Following the same principle, and in accordance with prior practice, the defendant cannot attack the plaintiff's complaint in small bites. He cannot point out a particular defect by preliminary objection; have the court pass on it; compel the plaintiff to amend; and then attack the amended complaint by pointing out another particular defect which was in the original complaint. This would make a travesty of the rule limiting the defendant to one dilatory stage. When an amended pleading is filed, defendant has the right of preliminary objection, but it is limited solely to mat-

ters which are new in the amended pleading and did not present themselves in the original complaint, or to which he objected in the original complaint but which he considers still objectionable." 2 Goodrich-Amram 2d, supra, at 40-41.

This does not mean that defendant is barred on the merits as to a matter inadequately or inappropriately pleaded. The court will not permit plaintiffs to seek to extract responsive pleadings from defendants gauged by a substantive quality different than that pursued by plaintiffs in their own pleadings. The sufficiency of plaintiff's allegations are not beyond challenge. Additional litigation weapons are available and may be sighted by defendants appropriately by answer or new matter and other pleadings. There remains, as potential relief from the seemingly harsh procedural rule we now invoke, an armory of weapons such as a motion for judgment on the pleadings, motion for non-suit or directed verdict, or indeed even after trial, a motion for judgment n.o.v. All these, where appropriate, are available to a defendant, but in this case he has lost irrevocably the right to raise for the first time this preliminary objection to the amended complaint where opportunity did exist to challenge the same matter as to the original complaint but it was not done.

Throughout the course of these necessarily complicated multi-party proceedings, the court has emphasized to all parties, plaintiff and defendant alike, that each plaintiff's claim against each defendant should be and will be treated as the individual cause of action that it is. Absent an order of this court to the contrary, we have consistently emphasized that these proceedings are governed by the Rules of Civil Procedure, both state and lo-

cal. The court has sought to facilitate the flow of the voluminous paper work generated by the unusually large number of parties involved in these law suits in part by our order of November 14, 1977. Firm and specific dates have been set at the various pre-trial conferences for the filing of various pleadings with accommodation made wherever possible for the special concerns of counsel.

Despite the cumbersome problems attendant upon litigation in which many fact issues are common but the rights and duties of multiple plaintiffs and multiple defendants must be scrupulously preserved, we cannot allow extended, dilatory pleading. Those defendants who have already taken, or who have heretofore failed to take, their "bite" out of plaintiffs' complaints may not now take another as to matters and things previously available: Pa. R.C.P. 1032. We consider the following preliminary objections to the amended complaint to be ones which could, and therefore should, have been raised initially: (1) Motion for more specific pleading as to fraud and conspiracy. The amended complaint's averments in this regard are no less specific than the averments of fraud and conspiracy in the original complaint. Compare Paragraphs 93-97, original complaint with Paragraphs 19-21, amended complaint; (2) Motion for more specific pleading as to the date of discovery of plaintiff's illness, the dates and quantities of asbestos products shipped to PNSY, the extent of plaintiff's exposure to asbestos dust, and items of special damage. These are all no more lacking in the amended complaint that in the original complaint; defendants' untimely efforts to obtain specificity of these matters in the pleadings must now be pursued by appropriate

pre-trial discovery; (3) Motion to strike for failure to aver fraud with particularity. Again, fraud is averred with no less particularity in the amended complaint than in the original. Here, again, these defendants must seek the flesh on these previously uncomplained of bones by way of pre-trial discovery; (4) Motion to strike scandalous and impertinent matter. Substantially the same language now for the first time objected to by these defendants in the amended complaint was present and available for objection in the original; (5) Motion for more specific pleading as to trade associations and to the allegations of paragraphs 19, 20 and 21. This motion raises a closer question than the others in that the words "trade associations" were not used in the original complaint but were in the amended ones. Nevertheless, we find that the identifying word used in the original complaint, "group," is so similar in both denotation and connotation in the present context as to give rise to the same basis for preliminary objections. Here again, looking to the merits beyond the forms, we are satisfied that defendants have sufficient means, through pre-trial discovery, to acquire the specific information they belatedly seek at the pleading stage and that no injustice will obtain by our conclusion as to the change in the label used.

Accordingly we enter the following

## ORDER

And now, January 3, 1978, upon consideration of plaintiffs' preliminary objections to defendants' preliminary objections, it is hereby ordered and decreed that the preliminary objections of defendants, Johns-Manville Corporation, Johns-Manville Sales Corp., Forty-Eight Insulation, Inc., H. K.

Porter Co., Inc., Southern Asbestos Co., Delaware Asbestos and Rubber Co., Owens-Corning Fiberglas Corp., Celotex Corp., Fibreboard Corp., Eagle-Picher Industries, Inc., Keene Building Products Corp., J. P. Stevens, Inc., GAF Corp., and Nicolet Industries, Inc., are hereby stricken.